JUNTA DE RELACIONES DEL TRABAJO DE PUERTO RICO, peticionaria, *v.* UNIÓN DE TRABAJADORES DE LA AUTORIDAD METROPOLITANA DE AUTOBUSES, demandada.

*Número:* JRT-65-3    *Resuelto:* 13 de mayo de 1965

J. B. *Fernández Badillo*, Procurador General, *Luis M. Rivera Pérez* y *Celia Canales de González*, abogados de la peticionaria; *Nicolás Nogueras, Jr.*, abogado de la demandada; *José Raúl Cancio*, abogado de la Autoridad Metropolitana de Autobuses, *amicus curiae*.

EL JUEZ ASOCIADO SEÑOR BLANCO LUGO emitió la opinión del Tribunal.

En 10 de mayo de 1965, la Junta de Relaciones del Trabajo de Puerto Rico solicitó, conforme a lo dispuesto en el Art. 9(2) (a) de la Ley de Relaciones Obreras, 29 L.P.R.A. sec. 70(2) (a), que pusiéramos en vigor una orden dictada por dicho organismo a la Unión de Trabajadores de la Autoridad Metropolitana de Autobuses (UTAMA) que en su parte principal requiere de ésta que cese y desista de en manera alguna violar los términos del convenio colectivo que tiene firmado o que firme con la Autoridad Metropolitana de Autobuses. Dentro de dicho procedimiento—aún pendiente de sustanciación—el 11 de mayo nos pide que dictemos una orden provisional(1) dirigida a la UTAMA, sus agentes, oficiales,

---

(1) El Art. 9(2) (a) lee en parte: "La Junta . . . podrá solicitar además de dicha corte [Corte Suprema] que expida cualquier otra orden provisional adecuada de remedio o prohibición . . . ."

directores y matrícula, "requiriéndoles bajo apercibimiento de desacato, que se abstengan de realizar huelga, paralizaciones del trabajo, asambleas permanentes, piquetes o toda otra forma de interrumpir los servicios de transportación" que presta la empresa dentro del área metropolitana. [2] Celebramos una audiencia el 12 de mayo para escuchar a las partes. El incidente quedó sometido en la mañana de hoy, a las 10:34, al presentar la Junta un memorándum para lo cual solicitó y se le concedió un término. Nos dice la Junta:

"... la Junta de Relaciones del Trabajo, sabía que este planteamiento era cosa difícil para este Honorable Tribunal. ... Pero, la Junta no podía hacer otra cosa que recurrir a ustedes. ... Estaba indefensa ante una huelga totalmente injusta, no protegida, súbita, sin aviso. Se violaba la Orden de la Junta impunemente. ... Sin remedio. ... Mientras tanto, Honorable Tribunal, 202 mil personas, trabajadores, oficinistas, escolares ... maestros, estaban sin poder acudir a sus ocupaciones ... ¿Qué hacer? La Orden de la Junta de cese y desista era motivo de escarnio y de burla. ... Pues recurrimos ante ustedes. ... Para que ustedes dijeran si era o no posible hacer algo. ... Si ustedes dictan una Orden, o ponen en vigor la de la Junta

---

[2] Para justificar la petición de orden provisional la Junta alegó que la UTAMA ha desatendido la orden de cesar y desistir—el inciso (2) (d) del Art. 9 provee que el comienzo de procedimientos con arreglo al inciso 2 (a) no suspenderá, a menos que específicamente lo ordene así el Tribunal, el cumplimiento de la orden de la Junta—; y que previa convocatoria cursada por el Presidente y el Secretario-Tesorero de la Unión la matrícula celebró una reunión extraordinaria el día 10 de mayo, en la cual se acordó y decretó un estado de huelga que mantiene paralizado el sistema de transportación de la Autoridad. Se acompañaron además varias declaraciones juradas y copia de una hoja suelta circulada bajo la firma de los mencionados funcionarios de la unión dirigida a los usuarios y al público, que, en términos generales constituye una exposición de la posición de la organización obrera en relación con ciertas diferencias sobre la interpretación del convenio colectivo en lo que respecta a la facultad de la gerencia para suspender y despedir los miembros de la matrícula, o imponerles lo que se denomina "castigos intermedios."

Es bueno consignar que esta controversia fue sometida al procedimiento de arbitraje provisto por el propio convenio y que recayó un laudo favorable a la Autoridad, que en 11 de mayo se nos pidió pusiéramos en vigor.

dé cese y desista, para que se paralice este atropello contra los usuarios de las guaguas, entonces se le habría rendido un servicio al Pueblo de Puerto Rico. . . . Esta es vuestra jurisdicción . . . Puerto Rico. La Orden dictada por ustedes en esta urgente necesidad, en este momento de disloque arbitrario de la circulación en la zona metropolitana, pondría fin a la huelga. Mientras tanto, se vería el caso en su fondo y el Hon. Tribunal decidiría luego quién tiene la razón. Vean, Señores, Honorables Jueces, que nadie se perjudicaría mediante este recurso supremo. . . . Nadie perdería nada . . . y el Pueblo de Puerto Rico ganaría. . . ."

Aun presumiendo que la actuación de la UTAMA al iniciar la huelga constituya una violación al convenio colectivo, (³) estamos impedidos de acceder a lo solicitado por no tener jurisdicción para ello. Cualquier actuación nuestra en el sentido propuesto nos está vedada por el Art. 2 de la Ley de Injunctions en Disputas Obreras, Núm. 50 de 4 de agosto de 1947, 29 L.P.R.A. sec. 102, que en su parte pertinente lee:

"*Ningún tribunal de justicia* de Puerto Rico tendrá jurisdicción para expedir orden alguna de entredicho o de injunction preliminar o permanente en caso alguno que envuelva o que surja de una disputa obrera para prohibir a una persona o personas participantes o interesadas en dicha disputa, a que hagan individual o concertadamente cualquiera de los actos siguientes:

"a.) Cesar en la ejecución o rehusar ejercitar cualquier trabajo o continuar en cualquier relación de empleo."

---

(³) Aunque el convenio colectivo no contiene una cláusula expresa de no huelga, provee en su Art. XXII un elaborado mecanismo de arbitraje para dirimir las controversias que surjan entre las partes, y entre ellas, las relacionadas con la interpretación o violación de una o más cláusulas del convenio. En *Teamsters Union* v. *Lucas Flour Co.*, 369 U.S. 95, 105 (1962), el Tribunal Supremo federal resolvió que "una huelga para solucionar una disputa que un convenio colectivo dispone que se resolverá exclusiva y finalmente mediante arbitraje constituye una violación del convenio," y por tanto se trata de una huelga ilegal.

Sobre el alcance de un cláusula de no huelga, véase, *J.R.T.* v. *Union Local 847*, 91 D.P.R. 772 (1965); Stewart, *Conversion of Strikes: Economic to Unfair Labor Practice*, 45 Va. L. Rev. 1322 (1959) y *Employer Remedies For Breach of No-Strike Clauses*, 39 Ind. L.J. 387 (1964).

A no menos monta la orden provisional que se nos solicita. Tanto la existencia de una disputa obrera como el alcance de la orden pedida, bien como entredicho o *injunction*, fue admitida por el representante de la Junta. Cf. *Sinclair Refining Co.* v. *Atkinson*, 370 U.S. 195 (1962); *Gilmour* v. *Wood, Wire & Metal Lathers Intern. U., Local No. 74*, 223 F.Supp. 236 (D.C. Ill. 1963). ([4])

En la jurisdicción federal existe legislación que permite enfrentarse al problema que se crea en situaciones similares a la que consideramos: a) en lo que se refiere a la relación puramente entre las partes, se faculta a la Junta a obtener una orden provisional del tribunal competente, y expresamente el inciso (h) del Art. 9, 29 U.S.C. 160(h), dispone que la jurisdicción de las cortes no estará limitada por la Ley Norris-La Guardia; ([5]) y, b) en presencia de una situación de emergencia que afécte la salud y seguridad nacional, se provee la expedición de un *injunction* de duración limitada, y en el ínterin, mediante cierto procedimiento de mediación y conciliación, se trata de lograr un acuerdo entre las partes, 29 U.S.C. 176 y 178.

No corresponde a este Tribunal determinar la conveniencia y necesidad de incorporar disposiciones similares a nuestra legislación laboral. Mientras persista el actual estado de derecho, ningún remedio podemos proveer para paralizar una huelga, no importa que con ello se afecte el interés y el bienestar de la comunidad, a menos que medien las circunstancias a que se refiere el Art. 5 de la Ley Núm. 50, *supra*. Véase, *El Imparcial, Inc.* v. *Brotherhood, etc.*, 82 D.P.R. 164 (1961).

([4]) Convenimos en que prácticamente el remedio disponible para el patrono sería incoar una acción para recobrar los daños que se le ocasionen por un paro ilegal, cf. Sec. 301 de la Labor Management Relations Act de 1947, 29 U.S.C. sec. 185, pero su efectividad es dudosa en vista de que la ley local—inciso 13 del Art. 249 del Código de Enjuiciamiento Civil, 32 L.P.R.A. sec. 1130—exime de embargo y de órdenes de ejecución los fondos, bienes y propiedades de las organizaciones obreras cuando las órdenes de embargo o ejecución se expidan con motivo, como consecuencia de, o en relación con disputas obreras, paros o estados huelgarios.

([5]) En Puerto Rico no se incorporó este inciso h.

*Se declarará sin lugar la solicitud de orden provisional, por falta de jurisdicción.*

El Juez Asociado Señor Hernández Matos no intervino.

